UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
:
KLAUBER BROTHERS, INC.,            :
:
                Plaintiff,    :
:    Civil Action No.: 07 CV 6133 (PAC)
       v.                        :
:    **ANSWER AND COUNTERCLAIM**
DREAMWEAR, INC.                    :
:
                Defendant.    :
---------------------------------------------------x

      Defendant Dreamwear, Inc., ("Dreamwear") by its attorneys, Schiff Hardin LLP, answers the Complaint by Klauber Brothers, Inc. ("Klauber") as follows:

      1.    Dreamwear denies each and every allegation set forth in Paragraph 1 of the Complaint except admits that Klauber purports to bring this action under the Copyright Laws of the United States, 17 U.S.C. §101, et seq. and that if properly brought by Klauber, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 (a).

      2.    Dreamwear denies the allegations contained in Paragraph 2 of the Complaint except admits that it has a place of business in this district.

      3.    Dreamwear denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

      4.    Dreamwear denies each and every allegation in Paragraph 4 of the Complaint except admits that Dreamwear is a New York corporation with a place of business in this district.

      5.    Dreamwear denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Dreamwear denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Dreamwear denies that fabric design No. 565 is an original design and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8. Dreamwear denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Dreamwear denies that, since the alleged publication date of the 565 fabric design, all of the provisions of Title 17 of the United States Code and all of the laws governing copyright have been duly complied with by Klauber and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint.

10. Dreamwear denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Dreamwear denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Dreamwear denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Dreamwear denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Dreamwear denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Dreamwear denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Dreamwear denies each and every allegation contained in Paragraph 16 of the Complaint.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Dreamwear pleads the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

17. The complaint fails to state a claim against Dreamwear on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18. The lace trim that is a small component of the Dreamwear garments is not a copy of fabric design No. 565.

### THIRD AFFIRMATIVE DEFENSE

19. The lace trim that is a small component of the Dreamwear garments does not infringe fabric design No. 565.

### FOURTH AFFIRMATIVE DEFENSE

20. The lace trim that is a small component of the Dreamwear garments and fabric design No. 565 are not substantially similar.

### FIFTH AFFIRMATIVE DEFENSE

21. The lace trim that is a small component of the Dreamwear garments and which is alleged to infringe fabric design No. 565 adds *de minimis* value, if any, to the Dreamwear garments.

### SIXTH AFFIRMATIVE DEFENSE

22. Fabric design No. 565 lacks sufficient originality to be copyrightable.

### SEVENTH AFFIRMATIVE DEFENSE

23. Fabric design No. 565 allegedly copied by Dreamwear was and is in the public domain.

### EIGHTH AFFIRMATIVE DEFENSE

24. Klauber has no valid copyright in fabric design No. 565.

### NINTH AFFIRMATIVE DEFENSE

25. Klauber has failed to comply with the formalities of the Copyright Act.

### TENTH AFFIRMATIVE DEFENSE

26. Klauber forfeited its copyright, if any, in fabric design No. 565 by omitting the requisite copyright notice and failing promptly to cure the omission.

### ELEVENTH AFFIRMATIVE DEFENSE

27. Klauber's action is barred in part or in its entirety by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

28. Klauber engaged in fraud on the Copyright Office in that, on or about August 2, 1985, it intentionally made the false representations in its application for registration No. VA 196 346 that it was the sole author of the subject work, that the subject work was a work made for hire, and that there had not been any transfer by another to Klauber of any right, title or interest in the subject work, and its misrepresentations were material in that in their absence, registration would not have issued.

### THIRTEENTH AFFIRMATIVE DEFENSE

29.  Klauber engaged in fraud on the Copyright Office in that, on or about September 29, 2006, it intentionally made the false representations in its application for supplementary registration No. VA 1-391-182 that it was a co-author of the subject work and that the subject work was validly transferred to it, and its misrepresentations were material in that in their absence, supplementary registration would not have issued.

### FOURTEENTH AFFIRMATIVE DEFENSE

30.  Dreamwear's manufacture and sale of garments with the lace trim alleged to have infringed the subject copyright was done with innocent intent in that Dreamwear believed in good faith that any such conduct did not constitute an infringement of copyright.

### FIFTEENTH AFFIRMATIVE DEFENSE

31.  Klauber lacks standing.

### SIXTEENTH AFFIRMATIVE DEFENSE

32.  Klauber has engaged in unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

33.  There is no valid transfer to Klauber as required to support its copyright claim.

### AS AND FOR A COUNTERCLAIM

Counterclaimant Dreamwear, Inc., for its counterclaim, alleges and avers as follows:

1.  This is an action for copyright infringement brought under the Copyright Laws of the United States, 17 U.S.C. §101 et seq.  Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 2201 and 2202.  Venue is proper under 28 U.S.C. §1391.

2.	Dreamwear is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 183 Madison Avenue, in the County and City of New York, State of New York, within this district.

3.	On information and belief, Klauber is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 980 Avenue of the Americas, City and County of New York, State of New York, within this district.

4.	There is an actual, justiciable controversy between Dreamwear and Klauber. The intervention of the Court is required to declare the rights and other legal relations of the parties.

5.	On information and belief, Klauber's copyright registration for fabric design No. 565 is invalid because the design lacks sufficient originality to be copyrightable.

6.	On information and belief, Klauber's copyright registration for fabric design No. 565 is invalid because it consists of material in the public domain.

7.	On information and belief, Klauber's copyright registration for fabric design No. 565 is invalid because Klauber committed a fraud on the Copyright Office by falsely stating it was the sole author of the subject work, by falsely describing it as a work for hire, by failing to identify any co-author, and by failing to identify the existence of any transfer with respect to it.

8.	On information and belief, Klauber's copyright registration for fabric design No. 565 is invalid because it failed to comply with the then-extant requirements for notice. On information and belief, Klauber failed to disclose this material omission to the Copyright Office, and also failed promptly to correct it, as then required by law. Accordingly, the subject work is in the public domain.

9.	There is a continuing actual and justiciable controversy between Dreamwear and Klauber.

WHEREFORE, Dreamwear respectfully requests that:

(a) The Court dismiss Klauber's Complaint in its entirety with prejudice;

(b) Klauber be denied any damages or injunctive relief from their Complaint herein;

(c) Dreamwear be awarded its costs and attorneys' fees in this action pursuant to 17 U.S.C. § 505;

(d) Dreamwear be granted declaratory judgment in its favor; and

(e) The Court award Dreamwear such other and further relief in its favor that is just and proper.

Dated: New York, New York
       July 23, 2007

SCHIFF HARDIN LLP


/s/ David Jacoby
David Jacoby (DJ 3440)
Judith Roth   (JR 6444)
Attorneys for Defendant and
Counterclaimant Dreamwear, Inc.
900 Third Avenue
New York, New York 10022
(212) 753-5000


NY\ 5168877.2